IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 AUG -7 P 12: 42

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| SHARON B. ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 107-066 |
| ) | |
| MASTERS ECONOMY INNS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff in the above-captioned case filed with the Court a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2). The Court granted in part Plaintiff's IFP motion on May 14, 2007, and directed Plaintiff to submit $50.00 within thirty (30) days of the date of the Order. (Doc. no. 5). Plaintiff was cautioned that failure to respond would be an election to have this case dismissed without prejudice. (Id.). Plaintiff has failed to respond.

Because the test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985), on July 5, 2007, the Court granted Plaintiff ten (10) additional days to comply with the terms of the Court's May 14, 2007 Order. (Doc. no. 17). Once again, Plaintiff was warned that her failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. (Id.). Plaintiff failed to respond to the Court's Order.

Under the Local Rules of the Southern District of Georgia, if an IFP motion is denied,

a plaintiff must timely pay the appropriate filing fee, and if the fee is not paid twenty (20) days after the IFP motion is denied, the case may be dismissed. Loc. R. 4.2(2) ("Failure to make timely payment will result in dismissal of the complaint."). Furthermore, an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny . . . failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c). Moreover, the Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

In this case, more than twenty (20) days have passed since the Court ruled on Plaintiff's IFP motion. Plaintiff's failure to pay the $50.00 partial filing fee for this case, or provide any explanation for her failure to comply with two court orders, amounts not only to a failure to prosecute, but also to an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, the Court finds that the imposition of monetary sanctions is not feasible in this case because Plaintiff has sought to proceed IFP and has refused to make any payment toward the filing fee.

Nevertheless, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have

2

voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissal of this case without prejudice until such time as Plaintiff is willing to file her case <u>and pursue it</u>.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to Loc. R. 4.2(2) and 41.1(b) & (c), that this case be **DISMISSED** without prejudice because Plaintiff failed to pay the $50.00 partial filing fee and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of August, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3