FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 SEP 19 P 1: 32
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SHARON B. ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 107-066 |
| ) | |
| MASTERS ECONOMY INNS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## AMENDED ORDER

On September 17, 2007, the Court entered an order denying Plaintiff's motion for leave to file an out-of-time objection and dismissing the above-captioned case without prejudice. (Doc. no. 25). The Judgment was entered that same day. Pursuant to Federal Rule of Civil Procedure 59(e) this Court hereby amends the September 17, 2007 Order and Judgment.[1]

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R & R"), to which objections have been filed.[2]

In Plaintiff's motion for leave to file an out-of-time objection, she explains that she had moved and thus, she had not received the R & R until the time to object had passed.

---

[1] The Eleventh Circuit has concluded that a district court has the power under Rule 59(e) *sua sponte* to amend a judgment. Burnam v. Amoco Container Co., 738 F.2d 1230, 1232 (11th Cir. 1984).

[2] The motion for leave to file an out-of-time objection is **GRANTED**. (Doc. no. 23).

(Doc. no. 23). Plaintiff then provides her current address[3] and requests a five-day extension to submit her objections to the R & R. The motion does not otherwise provide any substantive response to the recommendation for dismissal of her case based on her failure to pay an initial partial filing fee. However, in Plaintiff's objection to the R & R, she asserts that she should have been allowed to proceed *in forma pauperis* and should not have been required to pay a $50.00 partial filing fee. (Doc. no. 24). The Court disagrees.

By Order dated May 14, 2007, Plaintiff was directed to pay a $50.00 partial filing fee and was warned that failure to do so may result in the recommendation of dismissal of her case. While Plaintiff never objected to the May 14th Order, neither did she pay the $50.00. Accordingly, by Order dated July 5, 2007, the Magistrate Judge provided Plaintiff with an additional ten days to pay the $50.00, and again warned Plaintiff that failure to pay would undoubtedly result in the recommendation of dismissal of her case. Plaintiff did not respond to the July 5th Order.

In keeping with the multiple warnings, on August 7th, the Magistrate Judge recommended dismissal of Plaintiff's case. Upon consideration of Plaintiff's objections to the R & R, the Court concludes that they are without merit. Thus, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

---

[3]The Magistrate Judge entered his R & R on August 7, 2007; Plaintiff did not provide the Court with her new address until August 29, 2007. Moreover, it appears Plaintiff failed to provide the Court with a valid mailing address since early July 2007, approximately one month before the R & R was entered. See Ellison v. Greenville Hotel, Inc., CV 107-007 (S.D. Ga. July 9, 2007) (noting that the R & R dated July 9, 2007 was returned on July 19th as undeliverable because Plaintiff no longer resided at the address on file with the Court). Plaintiff had ample time to update the Court's records in lieu of filing an out of time motion for extension of time.

Therefore, pursuant to Loc. R. 4.2(2) and 41.1(b) & (c), this case is **DISMISSED** without prejudice because Plaintiff failed to pay the $50.00 partial filing fee, and this civil action is **CLOSED**.[4]

SO ORDERED this ___ day of September, 2007, at Augusta, Georgia.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

---

[4] The **CLERK** is **DIRECTED** to enter an amended judgment in accordance with this Order.

3